Lois H. Chang, State Bar No. 278146
Cassie M. Peabody, State Bar No. 334488
NEYHART, ANDERSON, FLYNN & GROSBOLL APC
369 Pine Street, Suite 800
San Francisco, CA 94104-3323
Tel. (415) 677-9440
Fax (415) 677-9445
Emails: CPeabody@neyhartlaw.com
LChang@neyahrtlaw.com

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL 342 JOINT-LABOR MANAGEMENT COMMITTEE; NORTHERN CALIFORNIA PIPE TRADES PENSION TRUST; NORTHERN CALIFORNIA PIPE TRADES SUPPLEMENTAL 401(k) RETIREMENT PLAN; NORTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST; NORTHERN CALIFORNIA MECHANICAL CONTRACTORS ASSOCIATION; LOCAL UNION 342, PLUMBERS & STEAMFITTERS, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA (AFLCIO); U.A. LOCAL 342 APPRENTICESHIP & TRAINING TRUST FUND and Ché Timmons, as Trustee of the above TRUST, <br><br> Plaintiffs, <br> v. <br><br> Manuel P. Walker d/b/a WALKER'S PLUMBING SERVICES, a sole ownership; <br><br> Defendant. | Case No. 3:21-cv-5681 <br><br> **COMPLAINT FOR MONEY ON BREACH OF COLLECTIVE BARGAINING AGREEMENT AND ERISA VIOLATION** |

Plaintiffs allege as follows:

## I. INTRODUCTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq* and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as a result of a breach of collective bargaining agreements, in that Plaintiffs are multi-employer benefit plans bringing this action to collect unpaid contributions to the plans and to remedy the breach of contract.

2. Defendant Manuel P. Walker d/b/a WALKER'S PLUMBING SERVICES, a sole ownership, has unlawfully failed to submit $8,067.26 in underpaid principal contributions, $1,613.45 in Liquidated Damages, and $3,099.82 in interest, for a total amount of $12,780.53. The amount was found owing pursuant to a payroll audit conducted of Defendant's records for the period of January 2018 through December 2019, as required by its Collective Bargaining Agreements and Trust Agreement.

## II. JURISDICTION

3. <u>Jurisdiction.</u> Jurisdiction exists pursuant to the Employee Retirement Income Security Act ("ERISA") § 515, 29 U.S.C. § 1132 in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. This is also an action to enforce the terms of Collective Bargaining Agreements between the parties pursuant to the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of Collective Bargaining Agreements between the Defendant and the union, and Plaintiffs are a third-party beneficiary to that agreement.

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

COMPLAINT (ERISA)

- 1 -

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### III.     VENUE

6. Venue is appropriate where the Trust Funds plan is administered, where the breach took place, or where a defendant resides or may be found pursuant to ERISA § 502, 29 U.S.C. § 1132. Venue is appropriate in this District as Plaintiffs' Trust Funds are administered at their principal place of business in Concord, California and Defendant conducts business in this District (in Contra Costa and other Bay Area counties) and breaches of contract took place in this District. Thus, jurisdiction and venue are properly with this Court.

### IV.     PARTIES

7. Plaintiffs; NORTHERN CALIFORNIA PIPE TRADES PENSION TRUST ("Pension Trust"); NORTHERN CALIFORNIA PIPE TRADES SUPPLEMENTAL 401(k) RETIREMENT PLAN ("Supplemental Retirement Plan"); NORTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST ("Health and Welfare Trust"); U.A. LOCAL 342 APPRENTICESHIP & TRAINING TRUST FUND ("Apprenticeship Fund") and CHÉ TIMMONS, AS TRUSTEE OF THE ABOVE TRUST (collectively referred to hereinafter as the "Trust Funds"), are employee benefit plans as defined in ERISA, 29 U.S.C. § 1002(3), (37) and 29 U.S.C. § 1132(d)(1) and are jointly trusteed employee benefit trusts pursuant to the LMRA, 29 U.S.C. § 186(c)(5). The Board of Trustees of each Trust Fund is a fiduciary of each respective fund. The Funds and their fiduciaries are together referred to herein as "Trust Funds" or "Plaintiffs." Employers make contributions to the Trust Funds pursuant to the terms of their

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

COMPLAINT (ERISA)
- 2-

collective bargaining agreement with Plaintiffs United Association Local 342 (hereinafter "the Union"), and pursuant to agreeing to be bound by the related trust agreement.

8. Plaintiff U.A. LOCAL 342 JOINT-LABOR MANAGEMENT COMMITTEE ("the JLM Committee") is a jointly managed fund and related entity, pursuant to the LMRA. The JLM Committee is the authorized representative for handling collection matters for all of the Trust Funds and related entities.

9. Plaintiff LOCAL UNION 342, PLUMBERS & STEAMFITTERS, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA (AFLCIO) ("UA Local342") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5) and is the Union that is party to the Collective Bargaining Agreement and Trust Agreements, and whose members are participants of the Trust Funds.

10. Plaintiff NORTHERN CALIFORNIA MECHANICAL CONTRACTORS ASSOCIATION ("NCMCA") is an Employer Association who is signatory to the Collective Bargaining Agreement with UA Local 342.

11. Plaintiff CHÉ TIMMONs is Trustee and chairman of the above-referenced Trust Funds, within the meaning of ERISA § 402, 29 U.S.C. § 1102. As a Trustee Mr. Timmons has a duty, jointly exercised with other Trustees of those funds, to administer the Trusts for the exclusive benefit of the covered employees in accordance with the Labor Management Relations Act ("LMRA") § 302(c)(5), 29 U.S.C. § 186(c)(5), ERISA, and the terms of each of the Trusts' written Trust Agreements. That fiduciary duty includes the collection of unpaid employer contributions and related losses.

12. Hereinafter, the JLM committee, UA Local 342 and NCMCA will be collectively referred to as the "related entities."

13. Plaintiffs are informed and believe, and upon that ground allege, that at all times material herein, Defendant Manuel P. Walker d/b/a WALKER'S PLUMBING SERVICES, a sole proprietorship, (hereinafter referred to as "Defendant") holds a California contractor's license number 739735. Defendant resides and engages in the plumbing and/or pipefitting business in Contra Costa County, California, and surrounding areas.

14. At all times material herein, Defendant is an employer within the meaning of Section 3(5) and Section 515 of ERISA (29 U.S.C. §§1002(5), 1145), and is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA (29 U.S.C. §185).

### V.   FACTUAL ALLEGATIONS

15. Plaintiffs incorporate by reference and re-allege paragraphs 1-14 as if set out in full.

16. At all times material herein, there have been in full force and effect a collective bargaining agreement, titled Master Labor Agreement, covering the wages, hours, and conditions of employment of certain employees of Defendant. Attached hereto as **Exhibit A** is a true and correct copy of the applicable CBA, effective July 1, 2018 to June 30, 2021.

17. Defendant signed a letter of assent with the UA Local 342, through which Defendant agrees to be bound by the terms and conditions of the Collective Bargaining Agreement. Attached hereto as **Exbibit B** is a true and correct copy of the applicable letter of assent between Plaintiff and Defendant, dated August 9, 2017.

18. The collective bargaining agreement (hereinafter "CBA"), Article 10, provides that each individual employer signatory to the CBA agrees to be bound by all provisions of related Trust Agreements.

19. The CBA and Trust Agreements require Defendant to maintain time records or timecards, and to permit an authorized Trust Fund representative to examine such records of Defendant as are necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the CBA and Trust Agreements.

20. Plaintiff did perform an audit of defendant's records for the time period of January 2018 to December 2019. Defendant was found owing $8,067.26 in underpaid principal contributions, $1,613.45 in Liquidated Damages, and $3,099.82 in interest, for a total amount of $12,780.53 owing to Plaintiff Trust Funds and its related entities. Defendant was made aware of this outstanding balance on multiple occasions but disputed that it owed Plaintiff Trust Funds and its related entities any money.

21. Under the terms of the CBA and governing Trust Agreements to which the Defendant has agreed to be bound, an employer who fails to make timely contributions to the Trust Funds for employee fringe benefits is liable to the Trust Funds for all unpaid contributions, liquidated damages, interest at the rate on the unpaid contributions, as well as attorneys' fees and court costs.

22. Defendant has failed to pay underpaid fringe benefit contributions due to Plaintiffs, in the amount of at least $12,780.53. Defendant was aware of this outstanding balance and was given multiple opportunities to pay, but defendant denied and has repeatedly refused to pay the amounts owed. Liquidated damages and interest have been incurred and are also owed to Plaintiffs for the underpaid contributions for the 2018 to 2019 audit period.

23. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

24. Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as contributions due to the Union under the CBA and Trust Agreements.

## VI.  FIRST CAUSE OF ACTION
*Delinquent Contributions under ERISA– 29 U.S.C. § 1145*

25. Plaintiffs incorporate by reference and re-allege paragraphs 1-24 as if set out in full.

26. <u>Jurisdiction.</u> This is an action to collect unpaid contributions found owing to multi-employer benefit plans pursuant to the terms of the CBA and Trust Agreements. Jurisdiction is pursuant to ERISA, 29 U.S.C. §§ 1132 (a), (e), (g) and § 1145.

27. Defendant's actions constitute a failure of an employer to make contributions to the Trust Funds and its related entities, pursuant to 29 U.S.C. § 1145. Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a). By failing to make the required payments to Plaintiffs, Defendant breached CBA and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

28. Defendant owes Plaintiffs approximately $8,067.26 in unpaid principal contributions, plus $1,613.45 in liquidated damages, and $3,099.82 in interest for the period of January 2018 to July, 2021.

29. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, interest and attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2).

30. Defendant's conduct has caused the Trusts Fund to suffer harm and actual and impending irreparable loss in the monies that are unavailable to provide contractual benefits to participants and beneficiaries of the Trust Funds; the Trust Funds will suffer excessive administrative and legal costs in continuing to attempt to collect monies not submitted on a timely basis; the Trust Funds will not have the benefit of investment incomes on monies due to the Trusts from Defendant; and individual participants in the Trust Funds will not receive their contractual benefits, including health care, pension and apprenticeship benefits.

31. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required to be performed by Defendant under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the CBA and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

## VII.   SECOND CAUSE OF ACTION
*Breach of Collective Bargaining Agreement*
*(LMRA - 29 U.S.C. § 185, et seq.)*

32. Plaintiffs incorporate by reference and re-allege paragraphs 1-31 as if set out in full.

33. <u>Jurisdiction</u>.   This is an action to enforce the collective bargaining agreements pursuant to 29 U.S.C. § 185(a).

34. Defendant's failure to pay fringe benefit contributions has breached the CBAs and the applicable Trust Agreements between the Defendant and the Union to the detriment of the Plaintiffs. As a result, Plaintiffs are entitled to damages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to the agreement.

35. Plaintiffs are entitled to pursue this claim as the intended third-party beneficiaries to the CBA and Trust Agreements. *Schneider Moving & Storage Co. v. Robbins, et al.* (1984) 466 U.S.

364, 80 L.Ed.2d 366, 104 S.Ct. 1844 and *U.A. Local 342 Apprenticeship and Training Trust v. Babcock & Wilcox* (9th Cir. 2005) 396 F.3d 1056.

36. Defendant's obligations pursuant to the Bargaining Agreements as set forth above is a continuing obligation, Defendant's may be continuing to breach the Bargaining Agreements by their failure to pay monies due to Plaintiffs.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS PRAY THIS COURT FOR A JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

1. For at least $8,067.26 in underpaid principal contributions, $1,613.45 in Liquidated Damages, and $3,099.82 in interest, for a total amount of $12, 780.53, as a result of Defendant's breach of the CBA and Trust Agreements.

2. For prejudgment interest according to proof;

3. For reasonable attorney's fees and costs of suit and any further amounts according to proof; and

4. For an order, requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements; and

5. For such equitable relief and any other relief as this court deems just and proper.

Dated: July 23, 2021

Respectfully submitted,

**NEYHART, ANDERSON, FLYNN & GROSBOLL**

By: __/s/_ Cassie M. Peabody_____
    Cassie M. Peabody
    Lois H. Chang
    Attorneys for Plaintiffs

COMPLAINT (ERISA)

- 8 -